UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel A. Singletary, | ) | C/A No. 9:24-03132-JDA-MHC |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **(partial summary dismissal)** |
| Brian P. Stirling, Jana Hollis, Stephen Ayers, Hilary Moore, Rod Rowe, Sgt. Roosevelt Anderson, Lieutenant Charles Frazier, Ofc. K. Williams, Captain Parker, | ) | |
| Defendants. | ) | |

This is a civil action filed by Plaintiff, Nathaniel A. Singletary, proceeding pro se and in forma pauperis. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order entered June 12, 2024, Plaintiff was advised of material deficiencies in his Complaint and given the opportunity to file an amended Complaint. ECF No. 5. Plaintiff has not filed an amended complaint.

### I.     BACKGROUND

Plaintiff is currently a pretrial detainee at the Clarendon County Detention Center. At the time of the alleged incidents he was held at the Broad River Secure Facility of the South Carolina Department of Corrections (SCDC). Defendants are Bryan P. Stirling (Stirling), the Director of SCDC; Jana Hollis (Hollis), a Deputy Warden; Sergeant Stephen Ayers (Ayers); Hilary Moore (Moore), a Qualified Mental Health Professional (QMHP); Rod Rowe (Rowe), a Mental Health Officer (MHO); Sgt. Roosevelt Anderson (Anderson); Lieutenant Charles Frazier (Frazier); Officer K. Williams (Williams); and Captain Parker (Parker).

Plaintiff alleges that he was classified as a level 4 mental health inmate and has been diagnosed with PTSD, paranoia, anxiety, and depression. On February 27, 2024, Plaintiff allegedly told Defendant Ayers that he was having a crisis and needed to be seen by Mental Health. Ayers supposedly told Plaintiff that he could not help him and Plaintiff would have to wait until the next day for Defendant MHO Rowe. Plaintiff claims that Ayers walked away and failed to put him on crisis intervention.

On February 28, 2024, Plaintiff supposedly informed Rowe that he was suicidal and needed to see Mental Health. Rowe allegedly called Defendant QMHP Moore who told Rowe that she was leaving at 11:30 a.m., it was not a crisis situation, and she would see Plaintiff the next day. Plaintiff told Rowe that he would not be able to make it until the next day and needed to see someone immediately. Plaintiff claims that Rowe said he would try again and then left. At approximately 10:45 a.m., Plaintiff allegedly told Defendant Hollis (who was doing daily rounds) that he was having a mental health breakdown and needed to see Mental Health. Plaintiff claims that Hollis told him he was on the list for the next day, to which Plaintiff stated he could not wait until the next day, and Hollis supposedly walked away. Plaintiff asserts that he called Rowe back and showed Rowe a bag with approximately 40-45 Seroquel 40 mg. tablets. He claims he told Rowe that "since y[']all think I[']m playing, I[']m about to start eating these like candy!" Thereafter, Plaintiff allegedly took all of the Seroquel and also ingested approximately "20 Benadryl 50 mgs." ECF No. 1 at 11.

Rowe allegedly told Hollis that Plaintiff had taken the pills, but Hollis did not attempt to call medical and instead told Rowe that they were going to put Plaintiff on crisis intervention. Defendant Anderson supposedly left the wing to call medical, but came back and said he did not get an answer. Defendant Frazier allegedly stood at Plaintiff's door and just watched him. Plaintiff

2

claims that Hollis did not call medical until she finished her rounds approximately 20-25 minutes later. ECF No. 1 at 12.

Plaintiff asserts that he was not taken off the wing until approximately thirty minutes after he took the pills. He claims he was given Narcan which did not help. Another inmate allegedly told Hollis the names of the medications Plaintiff took, but Hollis supposedly did not relay the information to medical personnel. ECF No. 1 at 13.

On February 28, 2024, Plaintiff allegedly was taken to the hospital for an overdose/attempted suicide, and he remained in the hospital for six days. ECF No. 1 at 9, 13. He claims he suffered from airway problems, clonus, hypomagnesemia, tachycardia, altered mental status, seizure-like activity, anti-psychotic overdose, and a heart murmur. *Id.* at 15.

## II.     STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

3

### III. **DISCUSSION**

For the reasons discussed below, it is recommended that Defendants Stirling, Williams, and Parker be summarily dismissed as Defendants to this action. Although Plaintiff lists the names of these Defendants in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

To the extent that Plaintiff may be attempting to bring claims against Defendants Stirling, Williams, and Parker based on a theory of supervisory liability, such claims are subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to Defendants Stirling, Williams, and Parker.

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court summarily dismiss Defendants Stirling, Williams, and Parker. The Complaint should be served on Defendants Hollis, Ayers, Moore, Rowe, Anderson, and Frazier.

**Plaintiff's attention is also directed to the important notice on the next page.**

*/s/ Molly H. Cherry*
Molly H. Cherry
United States Magistrate Judge

September 26, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).